# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DAVID A. CIEMPA, | ) |
| Petitioner, | ) |
| vs. | ) Case No. 11-CV-063-GKF-TLW |
| JANE STANDIFIRD, Warden, | ) |
| Respondent. | ) |

## OPINION AND ORDER

This is a 28 U.S.C. § 2241 habeas corpus action. Petitioner is a state inmate and appears *pro se*. In response to the petition, Respondent filed a motion to dismiss (Dkt. # 5). Petitioner filed a response (Dkt. # 6). For the reasons discussed below, the Court finds that Petitioner's habeas corpus claims are procedurally barred. Therefore, the motion to dismiss shall be granted. Petitioner's petition shall be dismissed.

### *BACKGROUND*

In his petition (Dkt. # 1), Petitioner identifies the "judgment under attack" as the Judgment entered June 9, 2010, in Oklahoma County District Court, Case No. CJ-2009-12116. Petitioner commenced that action to seek judicial review of a prison disciplinary proceeding. The record demonstrates that the incident giving rise to the misconduct occurred on May 5, 2009, at Jess Dunn Correctional Center (JDCC) and involved Petitioner's failure to comply with direct orders during a visual body cavity search. In their incident reports, Cpl. Cultrera and Cpl. Morgan wrote that as they attempted to search Petitioner, Petitioner pushed Cpl. Cultrera out of the way, reached into his crotch area, pulled out a cell phone and threw it. See Dkt. # 5, Ex. 2 at 3-6. Prior to the disciplinary hearing, the investigator delivered to Petitioner the following evidence: (1) offense report from Cpl.

Cultrera, (2) incident report from Cpl. Cultrera, (3) incident report from Cpl. Morgan, (4) investigator's report, (5) photocopy of Nokia cell phone, and (6) witness statement from Ciempa #233589. Id. at 11. Petitioner provided the "Declaration of Jesse Nino" which was admitted at the hearing. See id. at 10. On May 12, 2009, Petitioner's disciplinary hearing took place and he was found guilty of Individual Disruptive Behavior, a Class X misconduct. Id. at 12. As a result of the misconduct, prison officials revoked 365 earned credits. Id. The Facility Head conducted a due process review and affirmed the misconduct on June 12, 2009. See Dkt. # 5, Ex. 3 at 3. Petitioner appealed to the Director of the Department of Corrections. On July 14, 2009, the Director's Designee signed her response concurring with the decision of the Facility Head. Id. at 4.

On December 11, 2009, Petitioner filed an application for judicial review in Oklahoma County District Court, Case No CJ-2009-12116. See Dkt. # 5, Ex. 7. On June 9, 2010, the district court entered its "Order Denying Petition for Judicial Review." Id., Ex. 6. The state district court reviewed the timing of Petitioner's request for judicial review and determined that since more than 90 days passed between Petitioner's receipt of the Director's Decision and the filing of the petition, the petition was untimely under Okla. Stat. tit. 57, § 564.1(A)(1) and was barred by the statute of limitations. Id. Petitioner appealed to the Oklahoma Court of Criminal Appeals ("OCCA"). By Order filed July 20, 2010 (Dkt. # 5, Ex. 8), the OCCA affirmed the denial of relief.

On January 27, 2011, Petitioner filed the instant petition (Dkt. # 1), alleging that (1) the search conducted at JDCC violated his Fourth Amendment right to be free from unreasonable searches/seizures, (2) he was denied due process during the misconduct process when his requests for witness statements and videotape evidence were denied, and (3) he was denied his right to access the courts when his petition for judicial review and motion to proceed *in forma pauperis* were

2

returned to him by the Oklahoma County District Court unfiled and without explanation. In response to the petition, Respondent filed a motion to dismiss requesting that Petitioner's claims be dismissed as procedurally barred. See Dkt. # 5.

*ANALYSIS*

The doctrine of procedural default prohibits a federal court from considering a specific habeas claim where the state's highest court declined to reach the merits of that claim on independent and adequate state procedural grounds. Coleman v. Thompson, 501 U.S. 722, 729 (1991). "A state court finding of procedural default is independent if it is separate and distinct from federal law." Maes v. Thomas, 46 F.3d 979, 985 (10th Cir. 1995). A finding of procedural default is an "adequate" state ground if it has been applied evenhandedly "in the vast majority of cases." Id. (citation omitted). "This court may not consider issues raised in a habeas petition 'that have been defaulted in state court on an independent and adequate procedural ground [ ] unless the petitioner can demonstrate cause and prejudice or a miscarriage of justice.'" Thomas v. Gibson, 218 F.3d 1213, 1221 (10th Cir. 2000) (alteration in original) (citation omitted); see also Magar v. Parker, 490 F.3d 816, 819 (10th Cir. 2007).

The Oklahoma Department of Corrections provides procedures for obtaining administrative relief from a finding of misconduct. A habeas petitioner must exhaust available administrative remedies by following the procedures set forth in OP-060125, see http://www.doc.state.ok.us, including the completion of an administrative appeal to the Director or Director's Designee. In addition, Oklahoma law provides for a state judicial remedy to determine whether a prisoner was afforded due process in the context of his prison disciplinary conviction. See Okla. Stat. tit. 57, § 564.1(D) (providing for judicial review of prison disciplinary proceedings involving the revocation

3

of earned credits by directing the state district court to determine "whether due process was provided by the revoking authority"); see also Magar, 490 F.3d at 818-19 (Oklahoma provides judicial review of prison disciplinary proceedings pursuant to Okla. Stat. tit. 57, § 564.1). The due process review afforded by Oklahoma's statute mirrors the federal constitutional requirements set forth by the United States Supreme Court in Wolff v. McDonnell, 418 U.S. 539 (1974). See Okla. Stat. tit. 57, § 564.1(D)(1)-(7).

The judicial review procedure expressly provides that a petition for judicial review "shall be filed within ninety (90) days of the date the petitioner is notified of the final Department of Corrections decision in the Department disciplinary appeal process." Okla. Stat. tit. 57, § 564.1(A)(1). In establishing the purpose and procedural format for review of prison disciplinary proceedings, the OCCA's rules provide that "[w]hen a petition [for judicial review] *has been properly filed*, the district court shall determine whether the applicable level of due process was provided by the revoking authority, and if not, it must require the Oklahoma Department of Corrections to provide such due process." See Rule 15.1(B), Rules of the Oklahoma Court of Criminal Appeals, Title 22, Ch. 18, App (2008) (emphasis added). In addition, Oklahoma statutory law defines information that must be supplied by a prisoner filing a civil action in a state district court. See Okla. Stat. tit. 12, § 2003.1 (Supp. 2004).

As set forth above, the OCCA affirmed the denial of Petitioner's petition for judicial review by the district court based on the finding that Petitioner defaulted his claims when he failed to file the petition within the time constraints imposed by statute. Respondent contends that because Petitioner defaulted judicial review of his claims, he is now procedurally barred from pursuing his federal claims. The Court agrees. A procedural default of available administrative and/or state

4

judicial remedies generally bars a prisoner from asserting the same claims in a federal habeas proceeding. See Magar, 490 F.3d at 819 (finding a habeas petition under § 2241 subject to dismissal for procedural default if "state court remedies [were] no longer available because the prisoner failed to comply with the deadline for seeking review") (citations omitted).

Petitioner's procedural default may be excused only if he demonstrates: (1) cause for the default and actual prejudice from the alleged violation of federal law, or (2) a fundamental miscarriage of justice from the failure to consider his claims. See Magar, 490 F.3d 819; Coleman, 501 U.S. at 750. The cause standard requires a petitioner to "show that some objective factor external to the defense impeded . . . efforts to comply with the state procedural rules." Murray v. Carrier, 477 U.S. 478, 488 (1986). Examples of such external factors include the discovery of new evidence, a change in the law, and interference by state officials. Id. As for prejudice, a petitioner must show "'actual prejudice' resulting from the errors of which he complains." United States v. Frady, 456 U.S. 152, 168 (1982). A "fundamental miscarriage of justice" instead requires a petitioner to demonstrate that he is "actually innocent" of the crime of which he was convicted. McCleskey v. Zant, 499 U.S. 467, 494 (1991).

In his response (Dkt. # 6) to the motion to dismiss, Petitioner provides a chronology of his efforts to file a petition for judicial review in compliance with state law. See Dkt. # 6. Petitioner states he received the final decision of the Director's Designee on July 24, 2009. See id., "Exhibit 'G' Statement of the Case," at 21. In the body of his response, see Dkt. # 6 at 4, Petitioner states that he received the decision of the Director's Designee on July 27, 2009. If he received the decision on July 27, 2009, then he had 90 days from that date, or until Monday, October 26, 2009, at the latest, to file a timely petition for judicial review that complied with state law requirements set forth in

5

Okla. Stat. tit. 12, § 2003.1. Petitioner avers that he sent his petition and pauper's affidavit to Oklahoma County District Court for the first time on or about September 11, 2009. See Dkt. # 6 at 4. On September 30, 2009, that petition was returned unfiled because the "proof of poverty" provided by Petitioner was deemed insufficient. Id. at 24. Petitioner sent his petition a second time, this time providing the required statement of his prison account. On October 26, 2009, the district court ordered the Court Clerk to return the unfiled petition along with a copy of Okla. Stat. tit. 12, § 2003.1. Id. at 25. Petitioner then made a third attempt to file the petition. On November 18, 2009, the unfiled petition was returned for the third time, with an order stating that Petitioner had failed to comply with the requirements set out in Okla. Stat. tit. 12, § 2003.1(B)(3), (4), (5), (6), (11). Id. at 26. Petitioner sent his petition a fourth time. This time, the petition was filed of record as of December 11, 2009. See Dkt. # 5, Ex. 7. However, as stated above, Petitioner's deadline for filing a petition for judicial review was October 26, 2009, at the latest. As a result, the state courts refused to consider Petitioner's request for judicial review because it was untimely.

As cause for his procedural default of state judicial remedies, Petitioner claims that the chronology of events set forth above demonstrates that he was subjected to "judicial misconduct" See Dkt. # 6 at 7; see also Dkt. # 1, ground three (asserting that state district court violated his right to access courts by failing to file his petition for judicial review). However, the Court disagrees. Petitioner has failed to "show that some objective factor external to the defense impeded . . . efforts to comply with the state procedural rules." Murray v. Carrier, 477 U.S. 478, 488 (1986). Nothing in the record suggests that the delay in filing the petition for judicial review was attributable to anything other than Petitioner's failure to comply with filing requirements established by state law.

6

The Court concludes that Petitioner has failed to demonstrate cause sufficient to overcome the procedural bar applicable to his claims.

Furthermore, Petitioner makes no argument, see Dkt. # 6, suggesting that failure to consider his habeas claims will result in a fundamental miscarriage of justice. Bland v. Sirmons, 459 F.3d 999, 1012 (10th Cir. 2006). As a result, the Court finds the fundamental miscarriage of justice exception is not applicable to this case.

Petitioner's claims challenging the misconduct at issue in this case are procedurally barred. Therefore, Respondent's motion to dismiss shall be granted. The petition shall be dismissed with prejudice as procedurally barred.

*CONCLUSION*

Petitioner's claims are procedurally barred. Therefore, Respondent's motion to dismiss shall be granted and the petition for writ of habeas corpus shall be dismissed.

**ACCORDINGLY, IT IS HEREBY ORDERED that:**

1. Respondent's motion to dismiss petition for writ of habeas corpus (Dkt. # 5) is **granted**.

2. The petition for writ of habeas corpus (Dkt. # 1) is **dismissed with prejudice**.

3. A separate judgment shall be entered in this matter.

DATED THIS 8th day of July, 2011.

Gregory K. Frizzell
United States District Judge
Northern District of Oklahoma