IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DAVID A. CIEMPA, | ) |
| Petitioner, | ) ) ) |
| v. | ) Case No. 11-CV-063-GKF-TLW |
| JANE STANDIFIRD, | ) ) ) |
| Respondent. | ) ) |

**OPINION AND ORDER**

This is a 28 U.S.C. § 2241 habeas corpus action. Before the Court is Petitioner's "motion for relief from Judgment and Order" (Dkt. # 17), filed pursuant to Fed. R. Civ. P. 60(b). The record reflects that on July 8, 2011, the Court dismissed the petition as procedurally barred, see Dkt. # 7, and entered Judgment (Dkt. # 8) in favor of Respondent. Petitioner appealed that ruling to the Tenth Circuit Court of Appeals. On October 6, 2011, during the pendency of the appeal, Petitioner filed the instant motion for relief from judgment. On November 2, 2011, the Tenth Circuit Court of Appeals denied a certificate of appealability and dismissed the appeal. See Dkt. # 20.

In his Rule 60(b) motion, Petitioner challenges this Court's dismissal of his petition as procedurally barred. Specifically, he alleges that the procedures used by the Oklahoma County District Court in handling deficiencies in his petition filed under Okla. Stat. tit. 57, § 564.1, were "effectuated to deprive Petitioner of his day in court and to prevent his case from being heard on the merits (by manufacturing a procedural default against him)." See Dkt. # 17. The Court finds Petitioner's Rule 60(b) motion is a "true" Rule 60(b) motion rather than a second or successive § 2254 petition filed without prior authorization from the Tenth Circuit. See Gonzalez v. Crosby, 545 U.S. 524, 530-31 (2005) (finding that a motion for relief from judgment, seeking to advance one or

more substantive claims, qualified as a "second or successive habeas petition"); Spitznas v. Boone, 464 F.3d 1213, 1216 (10th Cir. 2006) ("[A] motion asserting that the federal district court incorrectly dismissed a petition for failure to exhaust, procedural bar, or because of the statute of limitations constitutes a true 60(b) motion."). Therefore, the Court will "rule on it as it would any other Rule 60(b) motion." Spitznas, 464 F.3d at 1217.

Relief under Rule 60(b) "is extraordinary and may only be granted in exceptional circumstances." Beugler v. Burlington N. & Santa Fe Ry. Co., 490 F.3d 1224, 1229 (10th Cir. 2007) (internal quotation marks omitted). "'Rule 60(b)(6) relief is . . . difficult to attain and is appropriate only when it offends justice to deny such relief. The denial of a 60(b)(6) motion will be reversed only if we find a complete absence of a reasonable basis and are certain that the decision is wrong.'" Davis v. Kan. Dep't of Corr., 507 F.3d 1246, 1248 (10th Cir. 2007) (ellipsis in original) (quoting Zurich N. Am. v. Matrix Serv., Inc., 426 F.3d 1281, 1293 (10th Cir. 2005)).

The Court finds Petitioner is not entitled to relief from the judgment under Fed. R. Civ. P. 60(b). The record reflects that under procedures in use by the Oklahoma County District Court at the time of his state court action, Petitioner defaulted his claims. As a result of his default, he failed to properly file his petition for judicial review within the time constraints provided under Oklahoma law, the Oklahoma courts refused to consider the merits of Petitioner's claims, and this Court is procedurally barred from considering Petitioner's habeas claims. According to Petitioner, however, the procedures used by Oklahoma County District Court have since changed. Instead of returning a deficient unfiled petition to the petitioner, deficient petitions are now filed upon receipt and petitioners are allowed 30 days to correct deficiencies. See Dkt. # 17. Based on the change in procedures, Petitioner believes he is entitled to relief from the judgment entered in this case.

To the extent Petitioner challenges the adequacy of the procedural bar applicable to his habeas claims, it is well established that "[i]n determining whether a state procedural bar is an adequate and independent ground to bar federal review of a constitutional claim, a federal habeas court must [instead] apply the state's rule in effect at the time of the purported procedural default." Spears v. Mullin, 343 F.3d 1215, 1251-52 (10th Cir. 2003) (quoting Barnett v. Hargett, 174 F.3d 1128, 1134 (10th Cir. 1999)); see also Rogers v. Gibson, 173 F.3d 1278, 1290 (10th Cir. 1999). The fact that the procedural rules followed by the state district court may have been recently modified does not change the fact that Petitioner defaulted his claims by failing to comply with procedures in effect at the time. Petitioner provides nothing to suggest that during the period of time when he was attempting to obtain relief under Okla. Stat. tit. 57, § 564.1, judges for Oklahoma County District Court did not routinely order the clerk of court to return a deficient petition unfiled. Petitioner's repeated failures to "properly file" his petition resulted in the default giving rise to a procedural bar. Petitioner has failed to demonstrate the existence of exceptional circumstances warranting relief from judgment under Fed. R. Civ. P. 60(b). Petitioner's motion for relief from judgment shall be denied.

**ACCORDINGLY, IT IS HEREBY ORDERED that** Petitioner's Rule 60(b) motion (Dkt. # 17) is **denied**.

DATED THIS 12th day of January, 2012.

*/s/ Gregory K. Frizzell*
Gregory K. Frizzell
United States District Judge
Northern District of Oklahoma